**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
brose@kayerose.com
169 South Rodeo Drive
Beverly Hills, California 90212
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

*Attorneys for Defendant*
**Capital Ship Management Corp.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAPITAL SHIP MANAGEMENT CORP., AND IOAN LUCA,<br><br>Defendants. | **Case No. 2:19-CR-354-VAP**<br><br>**DEFENDANTS' MOTION TO COMPEL GOVERNMENT PRODUCTION**<br><br>Date: September 9, 2019<br>Time: 9:00 a.m.<br>Judge: Virginia A. Phillips |

**COME NOW**, Capital Ship Management Corp. ("CSM") and Ioan Luca ("Luca") (collectively "Defendants"), by and through undersigned counsel, and submit this Motion to Compel the government to disclose of *all* Brady/Giglio material and an early disclosure of both Fed. R. Crim. P. Rule 26.2 and Jencks material. In support thereof, Defendants respectfully show as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns alleged record-keeping failures onboard the M/V CMA CGM AMAZON (the "Vessel") to *wit,* allegedly causing the knowing failure to maintain an accurate Oil Record Book while in U.S. waters. *See* Indictment, Doc. 41. Defendants have been charged[1] with allegedly violating the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) ("APPS"), Obstruction of Justice, 18 U.S.C. § 1503, § 1512(b)(3), 1519, and Conspiracy

---

[1] CSM has been charged vicariously for the alleged acts of Defendant Luca.

1
**DEFENDANTS' MOTION TO COMPEL GOVERNMENT PRODUCTION**

pursuant to 18 U.S.C. § 371, by way of (alleged) acts or omissions by Luca while he was serving aboard the Vessel. *Id.* To date, the government has produced some, but not all, discovery in response to Defendants' written requests dated June 18, 2019 and Supplemental Requests dated July 9, 2019 and July 22, 2019. A copy of Defendants' requests are attached hereto as Exhibit 1, Exhibit 2, and Exhibit 3 respectively.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Defendants Seek the Prompt Disclosure of Outstanding Rule 16 Requests**

The government has not yet produced several items which were removed from the M/V CMA CGM AMAZON by the Coast Guard in connection with the onboard investigation in January 2019, including but not limited to:

- Copy of Item 30 – Samsung LTEA Galaxy S5 SM-G900K
- Copy of Item 31 – Samsung Galaxy S8+SM – 6955F
- Copy of Item 33 – Sony Cybershot Camera DSC – W800
- Copy of Item 34 – Lumix Panasonic Camera - Orange
- Copy of Item 40 – Samsung Cellular Phone Galaxy A5 Model SM A500FU
- Copy of Item 53 – Samsung Galaxy J5 Duos Model#: SM-J510UN
- Forensic images of any other crewmembers' telephones, cameras, laptop computers, tablets, external hard drives, and/or other electronic storage devices.

*See* Exhibits 1-2. These items should be produced without delay.

**II.    Defendants Seek the Prompt Disclosure of Applicable Brady/Giglio Material**

The duty to disclose all exculpatory and/or impeachment evidence falls within the *Brady* rule. *See United States v. Bagley*, 473 U.S. 667, 676, (1985) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)); *see also Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (holding that such evidence extends to impeachment evidence.). The duty to disclose arises "even if no request is made." *United States v. Agurs*, 427 U.S. 97, 107 (1976). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The rule is not one limited to material which the government subjectively believes is 'not exculpatory.' Rather, the government has the duty and obligation to learn of exculpatory or impeachment evidence and to provide it to the Defendants. *Id*. "There is no question that the government's

duty to disclose under Brady reaches beyond evidence in the prosecutor's actual possession. Since *Giglio*, the Supreme Court has made clear that prosecutors have 'a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case.'" *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995)). Defendants request that the government be compelled to promptly produce all outstanding *Brady/Giglio* material.

**III.      Defendants Seek the Prompt Disclosure of All *Henthorn* Material**

Defendants respectfully request that this Court order the government to produce the personnel files (or relevant parts thereof) of all law enforcement witnesses whom it intends to call at trial, for evidence of perjurious conduct or dishonesty, for impeachment purposes. Defendants note that the Department of Justice and the Department of the Treasury have adopted a *Giglio*, *supra* policy, USAM §§ 9-5.001 and 9-5.100(2006)), requiring disclosure of precisely such information whenever a request for potential impeachment information of a potential law enforcement witness has been submitted to the United States Attorney's Office in a particular case and the requisite search has revealed such impeachment information exists. *See also, United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), *cert. denied*, 112 S. Ct. 1588 (1992).  Each United States Attorney's Office must have a plan in effect to implement this <u>*Giglio*</u> Policy.  *See* USAM § 9-5.100(13).

Defendants are <u>not</u> required to make <u>any</u> initial showing that the requested personnel files contain impeaching material or material evidence at all in order to request their production by the government.  *See*, *Henthorn*, 931 F.2d at 31 (Defendants have no burden to make an initial showing of materiality in requesting personnel records).  Rather, "[e]ach investigative agency employee is obligated to inform prosecutors with whom they work of potential impeachment information as early as possible prior to providing a sworn statement or testimony in any criminal investigation or case." USAM § 9-5.100(1).  Accordingly, it is the government which must institute the relevant search for potential impeachment information once a request has been made. *Id*.

## IV. Defendants Seek Early Disclosure of Jencks Act and Fed. R. Crim. P. 26.2 Material

"Under the Jencks Act, 18 U.S.C. § 3500 . . . the government must produce any statement in its possession relating to the subject matter of the testimony of a witness who has taken the stand for the government." *United States v. Conroy*, 589 F.2d 1258, 1272 (5th Cir. 1979); *see also* Fed. R. Crim. P. 26.2. The Jencks Act defines "statement" as follows:

> (e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—
>
> > (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> >
> > (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
> >
> > (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

33 U.S.C. § 3500 (e).

Federal Rule of Criminal Procedure 26.2 defines "statement" as follows:

> (f) "Statement" Defined. As used in this rule, a witness's "statement" means:
>
> > (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
> >
> > (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
> >
> > (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2 (f).

The purpose of the Jencks Act is to allow for effective cross-examination of government witnesses by impeachment with inconsistent statements. *See United States v. Beasley*, 576 F.2d 626, 633 (5th Cir. 1978) and *Palermo v. United States*, 360 U.S. 343, 349 (1959). "The Jencks Act requires that the government disclose prior recorded statements of its witnesses that are 'related' to the subject matter of their testimony." *United States v. Hill*, 976 F.2d 132, 139-40 (3d Cir. 1992); *see also United States v. Murphy*, 569 F.2d 771, 773 (3d Cir.)

(endorsing prevailing practice of government of disclosing Jencks material at an earlier time), *cert. denied* 435 U.S. 955, 55 L. Ed. 2d 807, 98 S. Ct. 1588 (1978)). Defendants respectfully move for the early production of Jencks material and seek production of all material two (2) weeks before trial. Early production of all statements and recordings is necessary, appropriate, and in the interests of justice.

**V.  Early Disclosure is Fair, Equitable, and Necessary under the Facts and Circumstances of this Case.**

Perhaps most significantly, counsel seeks early production to ensure there will be adequate time to comprehensively review the material and both consult and advise Defendants. *See, e.g.*, *Glasser v. United States*, 315 U.S. 60, 69-70 (1942)(as the government interest under the Jencks Act to not disclose early is outweighed by the Defendant's Sixth Amendment right to effective assistance of counsel). Defendants, their respective representatives, and witnesses are foreign nationals located abroad (i.e. – Greece, Philippines, Romania, and elsewhere). None are native English speakers. In addition, the production of such material early in no way prejudices the government. It is fundamentally fair and necessary to allow for additional time and to require early production so as to ensure the Defendants receive a fair trial and receive effective assistance of counsel. *Glasser, supra*.

## CONCLUSION

**WHEREFORE**, based on the foregoing, and what might be added at oral argument of this motion, should the Court require it, Defendants respectfully move this Court for an Order directing the government to produce all applicable *Brady/Giglio* material and for the early disclosure of Fed. R. Crim. P. Rule 26.2 and Jencks material.

Dated: August 12, 2019　　　　　　　　　　　　**KAYE, ROSE & PARTNERS, LLP**

　　　　　　　　　　　　　　　　　　　　　　　By:　 /s/ Bradley M. Rose
　　　　　　　　　　　　　　　　　　　　　　　　　　Bradley M. Rose (126281)
　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Capital Ship Management Corp.*

Dated: August 12, 2019     **CHALOS & CO, P.C.**


By: /s/ Briton P. Sparkman
    George M. Chalos, PHV
    Briton P. Sparkman, PHV
    *Attorney for Capital Ship Management Corp.*


Dated: August 12, 2019     **TUCKER ELLIS LLP**


By: /s/ Marc R. Greenberg
    Marc R. Greenberg (123115)
    *Attorney for Ioan Luca*

## **CERTIFICATE OF SERVICE**

I hereby certify that the Notice of Motion and Motion of Defendant Capital Ship Management Corp. and Ioan Luca to Compel Government Production, were filed through the Court's CM/ECF system which will generate a Notice of Electronic Filing ("NEF") automatically and e-mail of the filing to all attorneys of record for parties who have appeared in the case who are registered CM/ECF users.

/s/ Briton P. Sparkman
Briton P. Sparkman