1

**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)

2

brose@kayerose.com

3

169 South Rodeo Drive
Beverly Hills, California  90212

4

Telephone: (310) 551-6555
Facsimile: (310) 277-1220

5

6

*Attorneys for Defendant*
**Capital Ship Management Corp.**

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

UNITED STATES OF AMERICA

**19-CR-354-VAP**

12

v.

**MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF RULE 404(b) EVIDENCE**

13

CAPITAL SHIP MANAGEMENT CORP., AND IOAN LUCA,

14

Defendants.

Date:          September 12, 2019
Time:          9:00 a.m.
Judge:         Virginia A. Phillips

15

16

17

    **COMES NOW**, Capital Ship Management Corp. ("CSM"), by and through

18

undersigned counsel, and respectfully moves this Court to Preclude the government's

19

introduction of Rule 404(b) evidence.  As grounds in support of the motion, CSM respectfully

20

submits the following:

21

<u>**FACTUAL BACKGROUND**</u>

22

    On June 25, 2019, the government provided the following notice that "it may seek to

23

introduce the other crimes, wrongs, or acts committed by your client which are referenced in

24

the enclosed items pursuant to Rules 404(b), 608, and/or 609 of the Federal Rules of Evidence,

25

or on the theory that they are inextricably intertwined with the charged conduct." *See* Exhibit

26

1, at p. 1.  The notice went on to state: "Please contact me if you believe this notice is

27

insufficient." *Id*.  Defendant CSM did provide notice to the government that the notice was

28

1

Kaye, Rose & Partners LLP

insufficient on July 2, 2019.  *See* Exhibit 2. Specifically, Rule 404(b) requires the government to provide reasonable notice of the other act evidence it intends to use at trial and whether that evidence will be used during the government's case in chief, as impeachment, or as *possible* rebuttal evidence. *Id.* (citing *United States v. Vega*, 188 3d 1150, 1153 (9th Cir. 1999)).  On July 10, 2019, the government asserted that it had not yet made a decision whether "to seek to introduce prior instances of unlawful discharges by vessels managed by Capital Shipment Management Corp., including the case prosecuted in our district involving the Amoureux.  We believe that such evidence would be admissible under Fed. R. Evid. 404(b) at trial to show knowledge, absence of mistake, or lack of accident." *See* Exhibit 3.

A series of additional emails were exchanged between counsel, with the government refusing to provide any additional information or basis in support of its position that Rule 404(b) evidence was applicable in this matter, instead stating that the "general nature" of the evidence that the government intended to offer and the Fed. R. 404(b) basis under which the government believed it was admissible.[1]  The Amoureux case referred to by the government is the matter captioned, *United States v. Amoureux Carriers Corp.* 17-cr-775-SVW.  The evidence from that case was the result of the Owner of the M/T AMOUREUX, Amoureux Carrier Corp., voluntarily taking responsibility for the unknown and unwanted actions onboard the vessel by a former Chief Engineer, Second Engineer, and Third Engineer.  The charge was limited to vicarious liability for the conduct of the engineer(s) onboard the M/T AMOUREUX, a vessel which is not at issue here.  None of the crewmembers involved in the M/T AMOUREUX case are charged and/or alleged to have been involved in the alleged activity

---

[1] The government has not provided any further notice as to what Rule 608 and/or Rule 609 conduct it would seek to introduce and/or how the alleged activity is "inextricably intertwined" with the charged conduct. Accordingly, such evidence should be excluded unless and until the government makes a proper showing of the right to introduce such evidence and provides reasonable notice of an intent to utilize same.

2

Kaye, Rose & Partners LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kaye, Rose & Partners LLP

which purportedly occurred onboard the M/V CMA CGM AMAZON. *See* Indictment, Doc. 41, *cf.* 17-cr-775.  CSM was the manager of the M/T AMOUREUX, but was not charged and did not plead guilty for any of the alleged conduct in that case.  CSM is only charged in this matter through the alleged actions of the individual defendant, Chief Engineer Ioan Luca (as well as non-appearing individual defendant Ionel Surla), none of whom were parties to Amoureux Carrier Corp.'s plea agreement in the unrelated case. Moreover, Amoureux Carrier Corp. has no interest in the M/V CMA CGM AMAZON.

As demonstrated by the multiple distinguishing facts set forth above, the introduction of the Rule 404(b) evidence from the AMOUREUX case is inappropriate in this matter as: 1) it has no ability to establish "CSM's intent;" 2) it does not provide any "necessary" context "probative of an essential claim or element of the offense;" 3) it is not reliable; and 4) any potential probative value is ***substantially outweighed*** by the unfair prejudice both to CSM and Chief Engineer Luca (neither of whom were involved in the prior action in the Central District of California).

The offering of the proposed evidence is for the improper purpose of attempting to prove the character of CSM in order to show the likelihood that CSM committed the crimes charged.  The evidence would serve only the improper purpose of attempting to prejudice the jury with a suggestion that CSM has a propensity for criminal conduct and/or to confuse the jury.  No limiting instruction by this Court to the jury could cure the prejudice to CSM (and Chief Engineer Luca).  Accordingly, the evidence proposed by the government should be excluded.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    THE AMOUREUX CASE EVIDENCE IS INADMISSABLE UNDER RULE 404(b)**

Rule 404(b) of the Federal Rules of Evidence allows the admission of evidence of

3

other crimes, wrongs or acts for purposes including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States v. Vega*, 188 F.3d 1150, 1152-53 (9th Cir. 1999) (quoting Fed. R. Evid. 404(b)). "[T]he question in a prior bad acts case is whether the proffered evidence really does tend to prove something material by a means other than bad character." *United States v. Martinez*, 182 F.3d 1107, 1111 (9th Cir. 1999). However, the government's mere citation to the rule and identification generically of permissible uses of Rule 404(b) evidence does not transform the inadmissible evidence here into admissible evidence. The District Court should scrutinize the government's offer of proof to ensure that the permitted use of the evidence is not based on the impermissible inference of conduct in conformity:

> [I]t's not enough for the proponent of the other-act evidence simply to point to a purpose in the 'permitted' list and assert that the other-act evidence is relevant to it. Rule 404(b) is not just concerned with the ultimate conclusion, but also with the chain of reasoning that supports the non-propensity purpose for admitting the evidence. . . . [T]he rule allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning.

*United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014); *see also United States v. Commanche*, 577 F.3d 1261, 1267 (10th Cir. 2009). The government has not identified any permissible purpose to admit the Amoureux case evidence under Rule 404(b) – and none applies – as such, it must be excluded.

## II. AMOUREUX CARRIER CORP.'S PRIOR PLEA AGREEMENT DOES NOT TEND TO PROVE A MATERIAL POINT AND MUST BE EXCLUDED.

The evidence proffered by the government regarding Amoureux Carrier Corp.'s vicarious plea for the unknown and unwanted conduct by a different person serving on board a different vessel at a different time and at a different place does not tend to prove (or disprove) any material element of any of the offenses charged here against Defendant CSM by the Indictment. Doc. 41. Evidence of the prior plea by a different owning company does not demonstrate intent or knowledge as required by Rule 404(b) and is not sufficiently related to the charged offense here. *Id.*; s*ee also United States v. Fulmer,* 108 F.3d 1486 (1st Cir. 1997).

None of the acts and/or omissions committed on the M/T AMOUREUX were committed by any individual involved in this different vicarious matter involving the M/V CMA CGM AMAZON. Indeed, the allegations in the Indictment here involve the conduct of different individual actors; working pursuant to different contracts; onboard a different vessel with a different build and design; owned by a different shipowner; in a completely different trade and service. The government's proposed evidence does not **and** cannot demonstrate "intent" or a "purposeful plan."

As CSM is an organizational defendant (allegedly) acting through its employees and/or agents, it is impossible to prove a company's state of mind in this context. What the government is improperly seeking to do - through the introduction of the prior plea agreement and prosecution of a different company - is to inflame and prejudice the jury in an attempt to prove CSM's guilt by an inappropriate suggestion of a propensity to commit the crimes charged. This is improper and the evidence must be excluded by this Court. *See Michelson v. United States*, 335 U.S. 469, 475-76, 69 S. Ct. 213, 93 L. Ed. 168 (1948)(propensity evidence is excluded because it might "over persuade" a jury and cause them to "prejudge one with a bad general record."); *United Sates v. Iverson*, 162 F.3d 1015, 1026 (9th Cir. 1998) (confirming that "evidence of a prior act is admissible *unles*s it tends to prove only criminal propensity.").

## III. THE EVIDENCE IS NOT RELEVANT OR RELIABLE AND MUST BE EXCLUDED

"In order for evidence to be relevant, it must be sufficiently related to the charged offense." *United States v. Hernandez*, 975 F.2d 1035, 1039 (4th Cir. 1992) (citing *United States v. Rawle*, 845 F.2d 1244, 1247 n. 3 (4th Cir. 1988)). Here, there is simply no relation between the prior plea of an unrelated corporate company and the alleged offenses in this case. The government's allegations of the relevance of Amoureux Carrier Corp.'s prior vicarious

Kaye, Rose & Partners LLP

plea for conduct of former crewmembers on a different vessel owned by a different ship

owner, is tantamount to an allegation that the alleged charged conduct is the *modus operandi*

of CSM.

Such evidence may be admissible only "when it reveals a defendant's personal criminal

identity." *United States v. Crowder*, 87 F. 3d 1405, 1413 (D.D.C. July 9, 1996). Courts must

be cautious under such an analysis because using "other acts" evidence to show identity can be

"tantamount to showing propensity." *Id.* In order to show a "purposeful plan" the government

must establish not only that the extrinsic act bears some peculiar or striking similarity to the

charged crime, but also that it is the defendant's trademark, so unusual and distinctive as to be

like "a signature." *Id.* (citations and internal quotations omitted). The government's proposed

evidence relating to the prior vicarious plea by a different company, simply because CSM was

the manager of the M/T AMOUREUX, simply does not reveal the "criminal identity" of the

Defendants in this case. Again, that matter involved a different vessel, owned by a different

owner, involving a different type of alleged bypass, and different crewmembers. There is

absolutely nothing "strikingly similar" about the prior plea by Amoureux Carriers Corp. to the

charges in this action, save for the fact that the government elected to pursue record keeping

charges under 33 U.S.C. 1908(a).

## IV. RULE 404(b) EVIDENCE OF A PRIOR PLEA HAS NEVER BEEN ALLOWED IN A SIMILAR CASE

As set forth in detail above, CSM was not charged and did not enter a plea in the case

involving the M/T AMOUREUX. Notwithstanding, even in cases wherein the government

brings charges against a corporate defendant which has previously plead guilty to one (1) or

more counts of violating the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901,

*et seq.*, such evidence is precluded from use at trial. In *United States v. Ionia Management*

*S.A.*, No. 3:07-cr-134 (D. CT), a more egregious APPS case tried before U.S. District Judge

6

Kaye, Rose & Partners LLP

Janet Bond Arterton and which involved the consolidated prosecution of a recidivist in four (4) additional cases, the government sought the introduction of Ionia Management S.A.'s prior conviction through Rule 404(b).  District Judge Arterton ruled as part of her pretrial evidentiary rulings that the government was prohibited from using the prior vicarious plea as evidence.

In a more recent case involving unrelated entities but having substantially similar facts in the Eastern District of Virginia, the defendants' motion to exclude evidence of a prior vicarious plea was granted by U.S. District Judge Mark Davis. *See United States v. Kassian Maritime Navigation Agency, Inc.* No. 2:13-cr-00070 (E.D. Va. May 22, 2013), Dkt. 79. Before the court in that matter was a ship manager, Kassian Maritime, who had previously voluntarily accepted vicarious criminal liability in the Middle District of Florida for unknown and unwanted actions of a Second Engineer serving on a different vessel, owned by a different owner, with a different crew, servicing different routes, with different cargo for different receivers and consignees. *Id.*  In excluding the prior conviction, District Judge Davis found that any potential probative value of the evidence was substantially outweighed by its unfair prejudice to the defendants[2] in the Eastern District of Virginia proceeding and such prejudice could not be cured with a limiting instruction. *Id.*[3]  This case is no different.

## V.    THE EVIDENCE MUST BE EXCLUDED PURSUANT TO RULE 403.

In the unlikely event that the District Court were to find that that the government's use of the evidence from the M/T AMOUREUX case may have some probative value (which it

---

[2] Which included not only Kassian Maritime, but also a vessel owner, Angelex Ltd., and a chief engineer, Lambros Katsipis, who were not parties to the Middle District of Florida proceedings.

[3] *See* No. 2:13-cr-00070 (E.D. Va. May 22, 2013). The arguments in support of motion to exclude the Rule 404(b) are at Doc. 73 and the District Court's Order granting the motion on Day 1 of trial is at Doc. 79.

DEFENDANT CAPITAL SHIP MANAGEMENT CORP.'S
MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF RULE 404(b)
EVIDENCE

Kaye, Rose & Partners LLP

does not), Fed. Rule of Evidence Rule 403 requires exclusion of the evidence because, *inter alia,* its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . ." Fed. R. Evid. 403.[4]  It has long been recognized that evidence of other acts or offenses is inherently dangerous and creates a substantial risk that the jury will convict for an improper purpose. *See e.g., Old Chief v. United States*, 519 U.S. 172, 181–82, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997).  Evidence that confuses the issues and can mislead the jury should be excluded because the evidence "might [cause] the jury to base its verdict on highly speculative evidence" rather than a defendant's "guilt or innocence." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) (citing *Old Chief*, 519 U.S. at 180).

The government must make a showing of genuine necessity for the evidence, which typically requires the government to prove a lack of other available evidence, and the Court must weigh this factor in making its determination under Rule 403. *Old Chief,* 519 U.S. at 182–84 (courts should "go on to evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well"). Here, the government will call at least four (4) crewmembers who were serving aboard the M/V CMA CGM AMAZON at the time of the alleged misconduct is said to have been discovered and reported.  It cannot reasonably said there is "a need" to offer the improper, extrinsic, and irrelevant evidence from the Amoureux case.  The "evidence is prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action." *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995) (citation and internal quotation marks omitted).  The only basis for the purported introduction of the Rule 404(b) other act evidence in this case is to provoke such a prejudicial response.

Finally, even when accompanied by a limiting instruction, such evidence can have a

---

[4] Admission of the evidence would compromise the jury's ability to make a reliable judgment about the guilt or innocence of the Defendants either individually or collectively. *See Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993) (A serious risk of prejudice results when evidence that the jury should not consider against a defendant is admitted against a codefendant, "which erroneously could lead a jury to conclude that a defendant was guilty.").

profound psychological effect on jurors' assessment of a defendant's disposition and character. *Old Chief,* 519 U.S. at 182–84. Accordingly, Rule 403 requires the Court to carefully consider the prejudicial effect carefully before admitting such evidence. In this case, the introduction of the prior guilty plea from an unrelated company that is not a defendant in the case and/or the introduction of the underlying conduct from the Amoureux case serves only the improper purposes of unfairly prejudicing Defendants, inflaming the jury's passions, confusing the issues, and suggesting (without proving) CSM's guilt.   This is especially so here, given the vicarious nature of this case. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

The government bears a heavy burden of demonstrating that the probative value is not substantially outweighed by an unfair prejudice; a burden which it has not and cannot meet under the facts and circumstances of this matter.   Accordingly, the Rule 404(b) evidence must be excluded in this case.

## CONCLUSION

**WHEREFORE**, Defendant Capital Ship Management Corp. respectfully requests that this Honorable Court grant the motion respectfully request that this Court grant the motion to exclude government introduction of Rule 404(b) evidence, and the Court grant such other and further relief as it deems to be just, equitable, and proper.

Dated: August 12, 2019

**KAYE, ROSE & PARTNERS, LLP**

By:   /s/ Bradley M. Rose

Bradley M. Rose (126281)
*Attorney for Capital Ship Management Corp.*

DEFENDANT CAPITAL SHIP MANAGEMENT CORP.'S
MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF RULE 404(b)
EVIDENCE

Kaye, Rose & Partners LLP

1

2

3

4

5    Dated: August 12, 2019                    **CHALOS & CO, P.C.**

6

7                                              By:  /s/ Briton P. Sparkman
                                                    George M. Chalos, PHV
8                                                   Briton P. Sparkman, PHV
                                                    *Attorney for Capital Ship Management*
9                                                   *Corp.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Kaye, Rose & Partners LLP

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that the Notice of Motion and Motion of Defendant Capital Ship

4

Management Corp. to Preclude Introduction of Rule 404(b) Evidence and Memorandum of

5

Points and Authorities, were filed through the Court's CM/ECF system which will generate a

6

Notice of Electronic Filing ("NEF") automatically and e-mail of the filing to all attorneys of

7

record for parties who have appeared in the case who are registered CM/ECF users.

8

9

/s/ Briton P. Sparkman

Briton P. Sparkman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT CAPITAL SHIP MANAGEMENT CORP.'S**
**MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF RULE 404(b)**
**EVIDENCE**

Kaye, Rose & Partners LLP