NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
PAUL G. STERN (Cal. Bar No. 162734)
Assistant United States Attorney
Senior Trial Attorney
Environmental and Community Safety Crimes Section
ASHWIN JANAKIRAM (Cal. Bar No. 277513)
Assistant United States Attorney
Major Frauds Section
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorney
General Crimes Section
TYLER A. STUTIN (Cal. Bar No. 306019)
Special Assistant United States Attorney
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0715
    Facsimile: (213) 894-6269
    E-mail:   paul.stern@usdoj.gov
            ashwin.janakiram@usdoj.gov
            andrew.roach@usdoj.gov
            tyler.stutin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 19-354-VAP |
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE DEFENSE EXPERTS BASED ON FAILURE TO DISCLOSE OR, ALTERNATIVELY, COMPEL DEFENDANTS' IMMEDIATE COMPLIANCE WITH RULE 16 EXPERT DISCLOSURES |
| v. | |
| CAPITAL SHIP MANAGEMENT CORP., IONA LUCA, and IONEL SURLA, | |
| Defendants. | Hearing Date: September 9, 2019<br>Hearing Time: 10:00 a.m.<br>Place: Courtroom of the Hon. Virginia A. Phillips<br>Trial Date: September 17, 2019 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby moves the Court in limine to exclude any proposed defense expert based on defendants' failure to provide timely and sufficient notice and disclosures, or, in the alternative, move for an order requiring defendants to immediately comply with Federal Rule of Criminal Procedure 16 and provide full and complete notice and sufficient disclosures for any proposed defense experts.

This motion is based on the attached Memorandum of Points and Authorities, all files and records of this case, the declaration of Assistant United States Attorney Paul G. Stern, and any further evidence and argument that may be presented at any hearing on this motion.

Dated: August 12, 2019      Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


      /s/
PAUL G. STERN
Assistant United States Attorney
Senior Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Federal Rule of Criminal Procedure 16 imposes reciprocal discovery obligations on the defendant after the defendant requests--and the government complies with--expert discovery from the government.  Fed. R. Crim. P. 16(b)(1)(c)(i).  Rule 16 is designed to "minimize [the] surprise that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  Fed. R. Crim. P. 16, Advisory Committee's Note to 1993 Amendments.  Accordingly, under the rule, "it is expected that parties will make their requests and disclosures in a timely fashion."  Id.

Here, while the government has already fairly complied with its expert discovery obligations, defendants Capital Ship Management Corporation ("defendant CAPITAL") and Iona Luca ("defendant LUCA")(collectively, "defendants") have failed to comply with their reciprocal expert discovery obligations.  Worse yet, defendant Capital Ship Management has recently indicated that it has no intention of providing the required expert notice or disclosures until September 3, 2019, at the earliest, thus depriving the government of a fair opportunity to test the merits or challenge the admissibility of any proffered defense expert.

In light of defendants' failure to abide by their reciprocal expert discovery obligations, the government moves for an order excluding any proffered testimony from a defense expert if defendants have not provided the necessary and adequate expert notice and disclosures by no later than Monday, August 19, 2019, or,

in the alternative, order defendants to immediately comply with their discovery obligations under Rule 16 and provide notice and disclosure of any expert whose testimony defendants anticipate relying on at trial.[1]

## II. FACTUAL BACKGROUND

### A. The Charges

On June 13, 2019, the grand jury returned an indictment alleging five separate felonies against defendants, including: (1) one count of conspiracy to fail to maintain an accurate Oil Record Book and to defraud the United States, in violation of 18 U.S.C. § 371; (2) one count of failing to Maintain an accurate Oil Record Book, in violation of 33 U.S.C. § 1908(a); (3) one count of falsifying records in a matter within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1519; (4) one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(3); and (5) one count of obstruction of justice, in violation of 18 U.S.C. § 1503. (Docket No. 41).

### B. Discovery

On June 18, 2019, defendants made a general request for expert disclosures from the government, thus triggering the defendants' reciprocal expert disclosure obligations under Rule 16 in the event the government made expert disclosures pursuant to Rule 16(a)(1)(G). Fed. R. Crim. P. 16(b)(1)(C)(i). (Declaration of Paul G. Stern ("Stern Decl.") ¶ 2, Ex. A.) The government promptly complied with

---

[1] In light of the Court's order setting all pretrial motions for hearing on September 9, 2019, the government is also moving ex parte to advance the hearing date on this motion during to Monday, August 26, 2019.

2

defendants' request and provided notice and disclosures for its two anticipated expert witnesses on July 25, 2019.  (Stern Decl. ¶ 3, Ex. B)  Although the government requested expert notice and disclosure from defendants at the same time, on July 25, 2019, over two weeks have passed and defendants still have not provided any required expert notice or disclosures.  (Stern Decl. ¶¶ 3-4.)  To date, defendants have not provided notice for any potential experts as required by Rule 16.  (Stern Decl. ¶ 7.)

On August 9, 2019, the government had a telephonic meet-and-confer with George Chalos and Briton Sparkman of Chalos & Co., counsel for defendant CAPITAL.  (Stern Decl. ¶ 5.)  During the call, the government discussed defendant CAPITAL's anticipated motions and, once again, reiterated its demand that defendants provide reciprocal expert notice and disclosures so that government could meaningfully assess and respond to any proffered expert testimony.  (Stern Decl. ¶ 5.)  In response, defendant CAPITAL indicated that it may call several experts at trial on a number of yet-to-be-determined topics.  (Stern Decl. ¶ 5.)  When pressed for when defendant CAPITAL would make its required expert notice and disclosures pursuant to Rule 16, counsel for defendant CAPITAL admitted that such disclosures would not occur before September 3, 2019 at the earliest.  (Stern Decl. ¶ 5.)  On August 12, 2019, government counsel asked Marc Greenberg, counsel for defendant LUCA, whether he would be making any expert disclosures, and Mr. Greenberg stated that he would rely on the expert testimony offered by defendant CAPITAL.  (Stern Decl. ¶ 6.)

**III. ARGUMENT**

    **A.   Legal Standard**

Defendants requested expert discovery from the government and the government has complied, thereby triggering defendants' reciprocal expert discovery obligation under Rule 16(b)(1)(C). Rule 16(b)(1)(C) provides:

> (C) Expert Witnesses. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if --
>
>     (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
>     (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(b)(1)(C). The notice must identify the expert's actual opinion and give a summary of the expected testimony, not a list of topics. United States v. Duvall, 272 F.3d 825, 828 (7th Cir. 2001). Nor is it sufficient for the notice to state only the conclusion that the expert reached, without giving the reasons for those opinions. United States v. Barile, 286 F.3d 749, 758 (4th Cir. 2002). Disclosure of both the expert's opinion and the bases for that opinion must be sufficient to allow the government to prepare for focused cross-examination of the expert without surprises from unexpected expert witness testimony or the need for a continuance after the expert has testified. Fed. R. Crim. P. 16, Advisory Committee's Note to 1993 Amendments.

"Although no specific timing requirements are included [in the Rule 16 expert disclosure requirements], it is expected that the parties will make their requests and disclosures in a timely fashion."  Fed. R. Crim. Proc. 16, Advisory Committee's Note to 1993 Amendments.  Failing to provide expert notice in a timely fashion can lead to exclusion of the expert.  See, e.g., United States v. Lieng, No. CR F 07-316-LJ0, 2012 WL 1481518, at *1 (E.D. Cal. Apr. 27, 2012) (excluding testimony of defense expert that government first learned about one week before trial); United States v. Wilson, 493 F. Supp. 2d 484, 488 (E.D.N.Y. Dec. 13, 2006) (precluding defendant from introducing expert opinion offered less than a week before trial); see also United States v. Ahmed, No. 12-CR-661 SLT S-2, 2015 WL 2084633, at *1 (E.D.N.Y. Apr. 30, 2015) ("If a party fails to comply with Rule 16, the court may order discovery, grant a continuance, preclude the introduction of evidence, or enter any other just order.").

### B. Defendants Have Failed to Comply with Rule 16(b)(1)(c) By Failing to Provide Disclosures in a Timely Fashion

Here, Defendants have not only failed to comply with their reciprocal expert discovery obligations under Rule 16(b)(1)(C), but also recently indicated that they have no intention of doing so until days before trial.  This is improper.  Indeed, it is the very type of "surprise" that Rule 16 is intended to prevent.  Ahmed, 2015 WL 2084633, at *1 ("The Rule is intended to minimize [the] surprise that often results from unexpected [expert] testimony . . . .") (citations and quotations omitted).

More than two weeks after the government provided its own expert disclosure and repeatedly requested defendants to do the

same, defendants have failed to provide their reciprocal expert notice and disclosures. Worse yet, defendants have indicated that they do not intend to comply with their reciprocal expert discovery obligations until the eve of trial, leaving the government without a fair opportunity to test the merits or admissibility of any proffered expert testimony. The government has repeatedly raised defendant CAPITAL's reciprocal discovery obligations to its counsel to no avail. Indeed, when counsel for the government attempted to recently discuss the issue with counsel for defendant CAPITAL, defense counsel would not even identify the general topics on which their proffered experts would provide testimony. Such actions appear to be little more than gamesmanship designed to surprise the government on the eve of trial with expert testimony that it will not have the ability to test or challenge the admissibility of prior to trial.

In sum, there is no reason for defendants' failure to honor their reciprocal expert notice and disclosure obligations. Because defendants have failed to comply with their expert discovery obligations under Rule 16, this Court can exclude the introduction of proffered expert testimony or enter any other just order. See Ahmed, 2015 WL 2084633, at *1. Accordingly, the government requests that the Court should exclude any proffered expert testimony should defendants fail to provide the necessary expert notice and disclosures by no later than Monday, August 19, 2019, or, in the alternative, order defendants to immediately comply with their discovery obligations under Rule 16 and provide notice and disclosure of any expert whose testimony defendants anticipate calling at trial.

6

**IV. CONCLUSION**

For the foregoing reasons, the Court should exclude any proffered expert testimony offered by defendants should defendant fail to provide the necessary expert notice and disclosures <u>by no later than Monday, August 19, 2019</u>, or, in the alternative, order defendants to immediately comply with their discovery obligations under Rule 16.

Dated: August 12, 2019             Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


        /s/
PAUL G. STERN
Assistant United States Attorney
Senior Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA