JOSEPH A. WALSH II, State Bar No. 143694
joe.walsh@cwn-law.com
ELLEN E. McGLYNN, State Bar No. 270367
ellen.mcglynn@cwn-law.com
COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 1860
Long Beach, California 90831
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

Attorneys for Material Witnesses
Rey Debil, Teodoro Lopez, Fernando
Suizo, and Pharman Velasco

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL SHIP MANAGEMENT CORP., et al.,<br><br>Defendants. | Case No. 2:19-cr-00354-VAP<br><br>**MATERIAL WITNESSES' REPLY TO DEFENDANT LUCA'S "AMICUS" BRIEF**<br><br>Judge: Hon. Virginia A. Phillips<br>Crtrm.: First Street Courthouse<br>Courtroom 8A, 8th Floor<br>350 West 1st Street<br>Los Angeles, CA 90012<br><br>Date: December 2, 2019 |

*"After 16 years of reading amicus curiae briefs the vast majority of which have not assisted the judges, I have decided that it would be good to scrutinize these motions in a more careful, indeed a fish-eyed fashion. The vast majority of amicus curiae briefs are filed by allies of the litigants and duplicate the arguments made in the litigants' briefs… Such amicus briefs should not be allowed."*

*Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers).

# MEMORANDUM OF POINTS AND AUTHORITIES

In light of Defendant Iona Luca's (Defendant Luca) recent filing, Material Witnesses Rey Debil, Teodoro Lopez, Fernando Suizo, and Pharman Velasco (Material Witnesses) are compelled to respond.

## I.

### Role of Amicus Brief in Assisting the Court

The role of an amicus brief is to allow a non-litigant to serve as a "friend of the court" for the benefit of, and assistance to, the court and general public. *U.S. v. John Gotti* (1991) 755 F. Supp. 1157, 1158 *citing Alexander v. Hall* (D.S.C. 1974) 64 F.R.D. 152. In doing so, an amicus brief must provide the court with an objective, non-partisan discussion of the issues in the case. *Gotti, supra*, at 1159. Intended as a neutral discussion of the issues, the amicus shall not advocate for one side, relitigate a party's argument or argue the facts, but offer a unique policy perspective on the issues. *Nat. Org. for Women, Inc. v. Scheidler* (2000) 223 F.3d 615, 617, *Nat. Res. Def. Council v. Envtl. Prot. Agency* (D.C. Cir. 2018) 896 F.3d 459.

## II.

### Amicus Brief Process and Procedure

There is no formally prescribed procedure for filing an amicus brief, however District Courts in similar situations have relied on Rule 29 of the Rules of Appellate Procedure to determine the appropriateness of such a brief. *U.S. v. John Gotti* (1991) 755 F. Supp. 1157, 1158. Rule 29 is clear, concise and explicit in its direction, and serves as a competent resource to governs amicus filings.

Prior to filing an amicus, Rule 29 requires that a non-litigant party must obtain leave of court or consent of all parties in order to proceed. Rule 29(a)(1). In requesting leave, the non-litigant must identify reasons why the brief is desirable for the court including how it will assist counsel in ways it is unable to on its own. *Nat. Org. for Women, Inc., supra,* at 617; Rule 29(a)(2). District courts also require that

an amicus identify the non-litigant's interest in the matter and provide an explanation of why the matters asserted are relevant to the disposition of the case. Rule 29(a)(3). Based on the purpose and procedure of the amicus, the Court may exercise its discretion to deny one the privilege to file. *Gotti*, *supra*, at 1158.

## III.

### Defendant Luca's Amicus Brief Is Improper and Should be Disregarded

Defendant Luca's brief meets neither the prescribed purpose nor procedure for a proper amicus. As such, it is improperly before this Court and should be disregard.

It appears Defendant Luca failed to satisfy the most basic requirements of Rule 29 by failing obtain leave of court before filing his purported amicus. Dkt # 159-165. Without leave Defendant Luca improperly filed an "amicus" brief. He also appears to have failed to gain consent of all parties before filing his amicus brief and within that effort, failed to articulate a reason why his brief provides for counsel in a way that this Court is unable to lawfully do so on its own. Without consent and articulating the neutral purpose of his mission, Defendant Luca improperly filed an "amicus" brief. Moreover, Defendant Luca is a litigant, not a "friend of the court." On May 15, 2019 Defendant Luca was indicted with conspiracy and failure to maintain an accurate oil record book. Defendant Luca later plead guilty to two felonies. Dkt # 154. As a litigant, Defendant Luca improperly filed an "amicus" brief.

What is more, his opinions as they relate to a whistleblower award do not serve the interest of the public at large or assist the court in upholding the whistleblower program. Instead, this "*amicus defendere*"[1] is clearly designed to speak for guilty parties who do not have standing or a legal right to argue against a

---

[1] In *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982), the Court described a patently partisan brief filed as a "friend of the plaintiff" as an "*amicus petitor*" given that the origin of the word plaintiff is petitor. Here, Defendant Luca's patently partisan brief filed as a friend of the defendants is similarly described as "*amicus defendere*" given the origin of the word defend is defendere.

whistleblower award and selfishly serve as an outlet to voice Defendant Luca's opening statement and arguments that was apparently shelved after he plead guilty to two felonies. The "amicus" brief nakedly advocates for the defendant's positions and urges loyalty to his employer. It seeks to depict Defendant Luca as merely a "kind and considerate" fellow fully committed to support his employer's policies without addressing his own self-confessed misconduct. A rational review of Defendant Luca's brief exposes the litigant's arguments, fails to meet the standards of Rule 29 or those articulated in *Gotti* or *Nat. Org. for Women*, and should be discarded out of hand.

## IV.

### The "Amicus" Brief Undermines Whistleblower Protections

The United States enacted the Act to Prevent Pollution from Ships (APPS) to implement internationally adopted pollution regulations. 33 U.S.C. §1908. APPS contains a rewards program to incentivize those with information to step forward. Unfortunately, employees who blow the whistle on misconduct may be at risk of harassment, blacklisting, public shaming and even dismissal from employment. Thus, in this case, working to influence this Court to the detriment of the whistleblowers' prospects of a reward runs contrary to the spirit of the whistleblower law. Filing his amicus brief effectively "outs" the whistleblowers to the maritime community and future employers.

In this case the whistleblowers reported that Defendant Luca, the Chief Engineer, instructed his engineers and crew to illegally discharge oil from the bilge holding tanks. Dkt # 1 at ¶ 15. The whistleblowers who reported the actions were initially detained by the government and eventually designated as Material Witnesses while a government investigation was conducted. Based on information provided by whistleblowers, the government obtained guilty pleas. Dkt # 154. In pleading guilty, the vessel owner agreed to pay a substantial fine. *US v. Dias Container Carrier S.A.*, Case No. 2:19-cr-00509-VAP, Dkt # 13. Thus, the reward

as described by the government appears to be warranted under the law and is not materially at issue in this case.

What is not warranted is Defendant Luca's brief and his disregard for the safety and security of the whistleblowers.  Defendant Luca simply seeks revenge or retribution against those in his charge who stepped forward and reported illegal conduct; conduct he ordered and for which he is responsible. Defendant Luca publicly maligns the whistleblowers and attempts to put them on trial even though it is he who admitted to the crimes for which he was charged.  These actions, if unchecked by this Court, will encourage aggrieved parties who plea out to later air their grievances and seek revenge for their own bad acts from those who stepped up to report the illegal activity.

## V.

### Relief Sought

Material Witnesses request leave to file an Application to Seal Defendant Luca's "amicus" brief and that the Court disregard it in substance. Material Witnesses request this Court award a whistleblower award in keeping with the government's recommendation.

Dated:  November 15, 2019         Respectfully submitted,

COLLIER WALSH NAKAZAWA LLP

By:      /s/ Joseph A. Walsh II
         Joseph A. Walsh II
         Ellen E. McGlynn
         Attorneys for Material Witnesses